```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:97-00205-02

**DOUGLAS E. MILLS**

## MEMORANDUM OPINION AND ORDER

Pending is defendant's motion, filed March 14, 2008, seeking a reduction in sentence pursuant to 18 U.S.C. § 3582(c).

On November 1, 2007, the United States Sentencing Guidelines ("guidelines") were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base.  Subsequently, the Sentencing Commission amended U.S.S.G. § 1B1.10 to make the crack amendment retroactive ("retroactive amendment"), effective March 3, 2008.

The April 24, 1998, Judgment reflects that the defendant was sentenced to 151 months imprisonment.  On October 8, 1999, the court granted the government's motion pursuant Federal Rule of Criminal Procedure 35 and reduced defendant's sentence to 96 months.  Defendant was released from his custodial term no later than January 5, 2005, the date that he executed a form listing the conditions attached to his supervised release term.  Defendant's supervised release term was subsequently revoked on two separate occasions, March 16, 2006, and February 5, 2008.  Pursuant to the

latter revocation, the defendant is serving a term of imprisonment of twelve months and one day. United States v. Mills, 2:97-00205, Jgt. at 3 (S.D. W. Va. Feb. 5, 2008).

Application Note 4(A) to U.S.S.G. § 1B1.10 provides as follows:

> Exclusion Relating to Revocation.—Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release.

U.S.S.G. § 1B1.10, applic. n. 4(A); see also U.S.S.G. § 1B1.10(c) ("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."); 18 U.S.C. § 3582(c)(2) ("[T]he court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.").

Based upon the foregoing, the court concludes defendant does not benefit from the retroactive amendment. The court, accordingly, ORDERS that the defendant's motion pursuant to section 3582(c) be, and it hereby is, denied.

**The Clerk is DIRECTED to send a copy of this written opinion and order to the defendant, the United States Attorney, the Federal Public Defender, and the United States Probation Office.**

ENTER: March 21, 2008

_____
John T. Copenhaver, Jr.
United States District Judge