IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                                                  CRIMINAL ACTION NO. 2:97-00205-02

**DOUGLAS E. MILLS**

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is defendant's motion, filed April 3, 2008, seeking reconsideration of the March 21, 2008, memorandum opinion and order denying his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c).

Defendant relies in support upon <u>United States v. Etherton</u>, 101 F.3d 80 (9th Cir. 1996).  In <u>Etherton</u>, defendant was released from custody following service of his sentence. His supervised release term was revoked a short time later.  While defendant was serving the revocation term, the United States Sentencing Commission issued a retroactive amendment beneficial to him.  The Government, however, contended that section 3582(c) did not authorize the district court to reduce the sentence for the supervised release violation.  The district court nevertheless entered a summary order reducing to time served the seven-month term imposed on revocation.

The court of appeals in <u>Etherton</u> affirmed, reasoning as follows:

> The seven months imprisonment is not punishment for a new substantive offense, rather "it is the original sentence that is executed when the defendant is returned to prison after a violation of the terms of . . . supervised release." <u>United States v. Paskow</u>, 11 F.3d 873, 881 (9th Cir.1993). We held in <u>Paskow</u> that "a term of supervised release ... is 'simply part of the whole matrix of punishment which arises out of a defendant's original crimes.' " <u>Id.</u> at 883 (citation omitted). Moreover, in <u>Koon v. United States</u>, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), the Supreme Court recognized that even in this era of the Sentencing Guidelines, district courts retain broad sentencing discretion. 518 U.S. at ----, 116 S. Ct. at 2046 ("[a] district court's decision ... will in most cases be due substantial deference, for it embodies the traditional exercise of discretion by a sentencing court"). In light of <u>Paskow</u> and the sentencing discretion granted to district courts in <u>Koon</u>, we interpret the statute's directive that "the court may reduce the term of imprisonment" as extending to the entirety of the original sentence, including terms of imprisonment imposed upon revocation of supervised release.

<u>United States v. Etherton</u>, 101 F.3d 80, 81 (9th Cir. 1996).  The court of appeals in <u>Etherton</u> relied apparently upon the 1995 version of U.S.S.G. 1B1.10.

As noted in the March 21, 2008, memorandum opinion, the United States Sentencing Guidelines ("guidelines") were amended on November 1, 2007, to reduce by two levels the guidelines in Section 2D1.1 for cocaine base.  Subsequently, the Sentencing Commission amended U.S.S.G. § 1B1.10 to make the crack amendment retroactive ("retroactive amendment"), effective March 3, 2008.

2

The April 24, 1998, Judgment reflects that the defendant was sentenced to 151 months imprisonment.  On October 8, 1999, the court granted the government's motion pursuant to Federal Rule of Criminal Procedure 35 and reduced defendant's sentence to 96 months.  Defendant was released from his custodial term no later than January 5, 2005, the date that he executed a form listing the conditions attached to his supervised release term.  Defendant's supervised release term was subsequently revoked on two separate occasions, March 16, 2006, and February 5, 2008.  Pursuant to the latter revocation, the defendant is serving a term of imprisonment of twelve months and one day.  United States v. Mills, 2:97-00205, Jgt. at 3 (S.D. W. Va. Feb. 5, 2008).

Application Note 4(A) to U.S.S.G. § 1B1.10 provides as follows:

> **Exclusion Relating to Revocation**.—Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section.  This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release.

U.S.S.G. § 1B1.10, applic. n. 4(A); 18 U.S.C. § 3582(c)(2) ("[T]he court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.").

The proviso found in Application Note 4(A) first appeared in the Commentary to section 1B1.10 in November 1997, two years following the decision in Etherton. As noted, the court is bound by Congress' admonition in section 3582(c)(2) to pay heed to the "applicable policy statements issued" by the Commission. 18 U.S.C. § 3582(c)(2). At the time Etherton was decided, the Commission had not spoken concerning the effect of a retroactive Guideline amendment on a revocation sentence. Inasmuch as the Commission has since clarified the matter, it is now quite plain that the defendant is not entitled to relief.

Based upon the foregoing, the court concludes anew that defendant does not benefit from the retroactive amendment. The court, accordingly, ORDERS that the defendant's motion to reconsider be, and it hereby is, denied.

The Clerk is DIRECTED to send a copy of this written opinion and order to the defendant, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

                                ENTER: April 4, 2008

                                John T. Copenhaver, Jr.
                                United States District Judge